UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 20-17916-TBM |
| MICHAEL EDWARD BLANDFORD ) | |
| LISA PAIGE BLANDFORD ) | Chapter 7 |
| SSNs: XX-XXX-7602 ) | |
| XX-XXX-9017 ) | |
| ) | |
| Debtor. ) | |

**MOTION FOR AN ORDER DIRECTING THE TRUSTEE TO
ABANDON PROPERTY FROM THE ESTATE**

Debtors, by and through Counsel, Devon M. Barclay, Esq., respectfully move pursuant to 11 U.S.C. § 554(d) that this Court enter an Order as more fully described below directing the Chapter 7 Trustee to abandon certain property from the Debtor's Chapter 7 Estate and in support thereof state as follows:

1. This Court has jurisdiction over the matters presented in this Motion.

2. Upon information and belief, Jeffrey Hill. (hereinafter the "Trustee") previously appointed as Trustee of the Debtor's Chapter 7 Estate (the "Estate") continues in that capacity as of the filing date of this Motion.

3. On or around 2010, thes Debtor purchased the single-family home located at 2659 S Lafayette Street, Denver CO 80210 (hereinafter the "Property").

4. The Debtors accurately listed their home's value on the schedules. They used comps from the Internet, and verified these with a Comparative Market Analysis. These sources place the value of the home at $899,200. The valuation of the property has not been disputed by either the trustee of BaseCamp MGD, who recently filed a motion for relief from stay.

5. In any sale, the proceeds from the sale of the Home would be used as follows:

    a. Chase Home Mortgage would be paid $602,261 in satisfaction of their first mortgage.
    b. BaseCamp GMD LLC would be paid $403,756 in satisfaction of their judgment lien.
    c. Realtors earning standard commission would be paid roughly $53,952;
    d. Other miscellaneous closing costs would add up to around $2,000.

6. Based on the foregoing, the sales proceeds of $899,200 are subject to the payment of at least $1,062,969 at closing, leaving a net balance due to the estate in the amount of $0. This figure comes before consideration of the administrative and legal fees the trustee would incur in the process, which should be expected to be considerable.

7. Given that the net proceeds due to the estate come to $0.00 the Debtor asserts that these proceeds are within the homestead exemption of $75,000.00 per C.R.S. §§ 38-41-201(1)(b), 38-41-201.6, 38-41-

202. In turn, the Debtor asserts that the Home lacks any non-exempt equity to be distributed to the Debtor's creditors.

8. In the clear absence of any non-exempt equity in the Property, the Debtors assert that liquidation of the Property would be of no benefit to the creditors and therefore the Property is burdensome to their Chapter 7 Bankruptcy Estate.

WHEREFORE the Debtor requests that this Court enter an Order directing the Chapter 7 Trustee to abandon any interest in the Property, giving the Debtor full rights to dispose of the Property without any further consent or authorization by the Chapter 7 Trustee.

Dated: June 13, 2021            Respectfully Submitted:         /s/ Devon M. Barclay          .

Debtor's Counsel # 52663
DEVON BARCLAY, PC
2435 Ingalls Street
Denver, CO 80214
720-515-9887 Office
devon@devonbarclaypc.com