IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

|  |  |
|---|---|
| IN RE: | Case No. 20-17916-TBM |
| MICHAEL EDWARD BLANDFORD | |
| LISA PAIGE BLANDFORD | CHAPTER 7 |
| Debtors. | |

**OBJECTION TO MOTION TO AVOID JUDICIAL LIEN (DOC #52)**

BaseCamp GMD, LLC ("BaseCamp"), objects to the Motion of the Debtors to avoid a judicial lien, and as grounds therefor, states as follows:

1. BaseCamp is the holder of a judgment lien arising out of a judgment entered against the Debtor, Michael Edward Blandford, in the principal amount of $227,967.24. The judgment bears interest at the rate of 20% per annum and, as of December 20, 2020, the date of the filing of the Debtors' Bankruptcy Petition, the outstanding balance of the judgment was $258,362.84.

2. BaseCamp duly perfected and created the judgment lien by the recording of a Transcript of Judgment on April 21, 2020, at Reception No. 2020054474 with the Denver County Clerk and Recorder.

3. The judgment lien encumbers the Debtors' residence at 2659 South Lafayette Street, Denver, Colorado 80210, which they own as joint tenants.

4. The Debtors have filed a Motion to Avoid the Judgment Lien claiming that it impairs their homestead exemption.

5. BaseCamp objects to the estimated value used by the Debtors in their Motion of $899,000 without setting forth any basis for the valuation. All online valuation sites, such as

Zillow, Redfin, and Realtor.com, provide an estimated valuation in December of 2020 of $1,100,000.

6. Irrespective of the valuation, the Debtor has used an incorrect formula to determine whether the homestead exemption is impaired or not. In this instance, it appears that the Debtor starts with the alleged value of the entire property; deducts from that 100% of the first mortgage lien; and then deducts 100% of a lien associated with BaseCamp; and then deducts 100% of the homestead exemption to come up with a negative value.

7. As set forth in *In Re Huff*, 2011 Bankr. LEXIS 4714 (Bankr.S.D.Ala. 2011) the proper formula to be used in determining whether a judicial lien encumbering an undivided one-half interest in real property is to take the value of the entire property, less 100% of the senior liens encumbering the property, and then dividing that in half to reach the value of the debtor's half interest in the property, and then deducting therefrom one-half of the homestead exemption. Applying that formula in this situation results in the following:

| Value of Property | $899,200.00 |
| Amount of First Mortgage | $602,261.00 |
| Value of Debtors' One-Half Interest in Property | $148,469.50 |
| Less One-Half Homestead Exemption | $37,500.00 |
| TOTAL Unimpaired Net Equity in Property | $110,969.50 |

8. Based upon the application of the proper formula, it is clear there exists sufficient equity in the property to support BaseCamp's judgment lien, even using Debtors' valuation.

9. The law in this jurisdiction is clear that a judicial lien can only be avoided to the extent that such lien impairs an exemption. *Pierson v. SEC Props, LLC*, 2010 Bankr. LEXIS 1237

(Bankr. Colo. 2010).  In other words, a debtor can only avoid a judicial lien to the extent the lien exceeds a debtor's equity in the property subject to the lien.  *Pierson, supra*, at 535.

10. In the case at hand, due to the amount of equity in the Property, it is clear that the BaseCamp lien cannot be avoided, at least to the extent of $110,969.50 worth of it.

WHEREFORE, BaseCamp requests that the Debtors' Motion be denied.

Respectfully submitted this 16th day of July, 2021.

                BURNS, WALL AND MUELLER, P.C.
                *[Original Signature on File at Counsel's Office]*

                By /s/ Robert T. Cosgrove, #12217
                Robert T. Cosgrove     Atty. Reg. #12217
                303 E. 17th Ave., Suite 920
                Denver, CO  80203-1260
                Phone:  303-830-7000
                rcosgrove@bwsm.com

## CERTIFICATE OF SERVICE

The undersigned certifies that on July 16, 2021, the foregoing was electronically served via the Court's CM/ECF electronic service system pursuant to L.B.R. 9036-1(a) on the following:

Devon Michael Barclay  
Attorney for Debtor(s)  
Via CM/ECF

U.S. Trustee  
Via CM/ECF

The undersigned certifies that on July 16, 2021, the foregoing was served via U.S. Mail, postage pre-paid, on all parties against whom relief is sought and those otherwise entitled to service pursuant to the FED.R.BNKR.P. And the L.B.R. At the following addresses:

Michael Edward Blandford  
Lisa Paige Blandford  
2659 S Lafayette Street  
Denver, CO 80210

/s/ Debra K. Ludwig  
Debra K. Ludwig  
Burns, Wall and Mueller, P.C.